UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

IN RE ABRASIVE GRAIN                     **Hon. Hugh B. Scott**
ANTITRUST LITIGATION

                                                       95CV7580

                                                       (CONSENT)

                                                       **ORDER**

_____

       AND NOW, this second day of March, 2006, upon consideration of the Plaintiffs' Motion For An Order Approving The Settlement Agreements With Norton Company, Washington Mills Electro Minerals Corporation, and the Exolon Company (Docket No. 160), and after a duly-noticed final approval hearing held on December 21, 2005, it is hereby ORDERED and DECREED as follows:

       1.      The Court finds that due and adequate notice of the pendency of this class action and the proposed settlements was provided, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to all members of the Class certified by Order of the Court entered on September 17, 2002. The notice provided was the best notice practicable under the circumstances and included individual notice by first class mail to all members of the Class who could be identified through reasonable effort and notice published in the national edition of the *Wall Street Journal*. The Court finds and concludes that the notice provided fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

       2.      The Court finds that the Class members identified on the schedule attached hereto as Exhibit "A" and no others, have timely requested to be excluded from the Class and accordingly are not included in or bound by the Final Judgment being entered pursuant to this Order.

3. The Court finds that the proposed settlements with defendants set forth in the Settlement Agreements attached as Exhibits "A" and "B" to the Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Settlements are fair, reasonable and adequate. The Settlement Agreements are hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

4. All claims of plaintiffs and the Class that were asserted against defendants in the First Amended Complaints filed in these consolidated Actions on October 9, 1997 (the "Complaints"), are dismissed with prejudice, with each party to bear its own costs (except as provided for in the Settlement Agreements).

5. Plaintiffs and each member of the Class (other than those persons identified in Exhibit "A"), and other "Releasors" as defined in paragraph 6 of the Settlement Agreements, are permanently barred and enjoined from prosecuting against defendant(s), and other "Releasees" as defined in paragraph 5 of the Settlement Agreements, any and all claims, demands, actions, liabilities, rights, suits and causes of action, whether class, individual or otherwise in nature, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of or relating to, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries or damages, and the consequences thereof, in any way arising out of or resulting from any conduct alleged, and causes of action asserted, or that could have been alleged or asserted, in the Complaints, which relate to or arise under any federal, state or local antitrust statutes, regulations or common law, or any unfair competition, unfair practices, price discrimination, trade practice or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. §§ 1 et seq. (collectively, "Anti-Competitive Claims"), and which arise out of, relate to, or are connected with the sale or purchase of

Artificial Abrasive Grain from the defendant(s) from the beginning of time to the date of the Settlement Agreements (the "Released Claims"). The Releasors shall not, after the date of the Settlement Agreements, seek to recover against any of the Releases for any of the Released Claims. Nothing in this Order shall limit any claim by any Class member arising solely out of or solely related to non-Anti-Competitive Claims (including, for example, any claim for a defective product that may have arisen in the ordinary course of business).

6. Each Releasor (other than those persons identified in Exhibit "A") shall also be deemed to have waived and released any and all defenses, rights, and benefits conferred by Section 1542 of the Civil Code of the State of California, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

or by any similar statute in effect in any other jurisdiction that, absent such waiver; might limit the extent or effect of the Release set forth in the Settlement Agreements.

7. Except as provided in the Settlement Agreements, defendants shall have no obligation for attorneys' fees, incentive awards to plaintiffs, costs or expenses, including but not limited to expenses or administering and distributing the Settlement Fund, which expenses are to be paid out of settlement funds subject to further order of this Court.

8. Without affecting the finality of this judgment in any way, this Court hereby retains continuing jurisdiction for the purposes or implementing and enforcing the Settlement Agreements. This order shall be entered by the Clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b), the Court finding that there is no just reason for delay.

Dated: Buffalo, New York
      March 2, 2006

                                                                 /s/ Hugh B. Scott
                                                                 Honorable Hugh B. Scott
                                                                 United States Magistrate Judge

- Exhibit A -

**OPT-OUTS**

Owego Heat Treat, Inc.
1646 Marshland Road
Apalachin, NY 13732
(607) 687-2091 or (607) 785-8061
fax (607) 687-4765

The Boeing Company
100 N. Riverside
Chicago, IL 60606-1596
(312) 544-2000

Metal Finishing Supply Co. Inc.
21575 Doral Road
P.O. Box 526
Brookfield, WI   53008-0526
(262) 782-0555