UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| In re ABRASIVE GRAIN<br>ANTITRUST LITIGATION | **Hon. Hugh B. Scott**<br><br>95CV7580<br><br>(CONSENT)<br><br>**ORDER** |

_____

This Court upon consideration of Class Counsel's Joint Petitions for an Award of Attorneys' Fees and Reimbursement of Expenses and Incentive Awards to the Class Representatives (Docket Nos. 162 (incentive award), 163 (fees and expenses)), and (1) having held a hearing on December 21, 2005; and (2) having reviewed all the submissions and arguments with respect thereto, and otherwise being fully informed and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. Class Counsel, on behalf of themselves and all of the attorneys who have worked with Class Counsel on this case (hereinafter collectively "Plaintiffs' Counsel"), have moved pursuant to Rules 23(h), 54(d) and 52(a) of the Federal Rules of Civil Procedure for an award of attorneys' fees, reimbursement of expenses and incentive awards for the Class Representatives.  Pursuant to Rules 23(h)(3) and 52(a), this Court makes the following findings of fact and conclusions of law:

      a. the Settlements achieved to date confer a substantial benefit on the Class;

      b. Plaintiffs' Counsel have vigorously and effectively pursued the Class members' claims before this Court in this complex litigation;

      c. the Settlements were obtained as a direct result of Class Counsel's efforts;

      d. the Settlements were negotiated in good-faith and in the absence of collusion;

    e. Class members were advised in the Notice of Proposed Settlement and Hearing and Claim Form, approved by this Court by Order dated October 3, 2005, that Class Counsel intended to move for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action and incentive awards to the two Class Representatives in the amount of $10,000.00 each;

    f. during the prosecution of this litigation through December 2005, Plaintiffs' Counsel incurred expenses in the amount of $766,120.69, which I find to be reasonable and necessary to the representation of the Class;

    g. counsel who recover a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys' fees from the fund as a whole;

    h. use of the percentage of fund method in common fund cases is the favored method in this Circuit for awarding attorneys' fees; and

    i. the requested fee award is well within the applicable range of percentage funds awards in this Circuit.

  2. Accordingly, Plaintiffs' Counsel are hereby awarded $3,400,000.00 from the Settlement Fund as their fee award, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund, with interest at the same net interest rate earned by the Settlement Fund.  Further, Plaintiffs' Counsel are hereby awarded $766,120.69 from the Settlement Fund for their expenses to December 12, 2005, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund, with interest at the same net interest rate earned by the Settlement Fund.  Class

Counsel may make a subsequent application to the Court for reimbursement from the Settlement Fund of its reasonable expenses incurred subsequent to December 12, 2005, to the date of the entry of this Order (namely, travel expenses for the December 21, 2005, class settlement hearing, and administrative expenses).

    3.  The Court finds that the following factors support the fee award requested:  (a) the time and labor expended by Plaintiffs' Counsel during the past eleven years of this Litigation; (b) the magnitude and complexities of this Litigation and risks attendant to this Litigation; (c) the quality of representation by Plaintiffs' Counsel; (d) the amount of the requested fee, and (e) public policy considerations, which favor encouraging attorneys to represent, on a contingent basis, parties who would otherwise likely be without a remedy, and which favor avoiding the inconvenience of continued litigation and trial for the parties and the Court.

    4.  Class Counsel, who were appointed by this Court in its Order of October 3, 2005, shall allocate the award of attorneys' fees and expenses among Plaintiffs' Counsel in a manner which, in Class Counsel's good faith judgment, reflects the value of each counsel's contribution to the institution, prosecution and resolution of the Litigation.

    5. Each of the two named Plaintiffs is awarded $10,000.00 for representing the Class, which amount is in addition to whatever monies those Plaintiffs will receive from the Settlement Fund.

    6. Without affecting the finality of this order, the Court hereby reserves jurisdiction to resolve any matters which may arise relating to the allocation, payment and distribution of Plaintiffs' Counsel's attorneys' fees and expenses.  This order shall be entered by the Clerk

forthwith pursuant to Federal Rule of Civil Procedure 54(b), the Court finding that there is no just reason for delay.

                                                                  */s/ Hugh B. Scott*
                                                          Honorable Hugh B. Scott
                                                         United States Magistrate Judge

Dated: Buffalo New York
       March 2, 2006