**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____
                                                      }
**IN RE ABRASIVE GRAIN**             }         **CIVIL ACTIONS NOS.**
**ANTITRUST LITIGATION**             }         **95-CV-7574 and**
_____}         **95-CV-7580**


**ORDER AUTHORIZING DISTRIBUTION**
**OF THE SETTLEMENT FUND**

AND NOW, this <u>28th</u> day of November, 2006, upon consideration of Plaintiffs' Motion for an Order Authorizing Distribution of the Settlement Fund (Docket No. 173), the Memorandum in Support thereof (Docket No. 173), the declaration of defense counsel authorizing distribution of the settlement fund (Docket No. 174), and the entire record in this matter, it is hereby ORDERED as follows:

1.   Approval is hereby given of the 72 claims, with allowable purchases in the aggregate amount of $252,991,765.89, to participate in the distribution of the Settlement Fund as set forth in the Memorandum in Support of Motion for an Order Authorizing Distribution of the Settlement Fund (hereinafter "the Memorandum"), and as set forth in the Affidavit of Edward J. Sincavage, CPA (the "Sincavage Affidavit") (Exhibit "1" to the Memorandum) of the certified public accounting firm, Heffler, Radetich & Saitta L.L.P. ("Heffler").

2.   The withdrawn claim in the amount of $246,193.21, as set forth in paragraph 7 of the Sincavage Affidavit, is hereby barred from participation in the distribution of the Settlement Fund.

3. The 14 claims with disallowed purchases in the total amount of $79,095,917.64, as set forth in paragraph 6 of the Sincavage Affidavit, are hereby barred from participation in the distribution of the Settlement Fund to the extent of such disallowed purchases.

4. No claimant or potential claimant other than those approved in paragraph 1 above shall be eligible to file a claim to participate in the distribution of the Settlement Fund.

5. Class Counsel are hereby authorized to file with the Internal Revenue Service the 2006 Federal income tax return and any subsequent tax returns due on behalf of the Settlement Fund, and to pay from the Settlement Fund any amounts that may be due, and the cost of preparation of the tax returns.

6. Payment in the total amount of $53,957.16 from the Settlement Fund to Heffler, in full payment of its services for administration of claims through October 17, 2006 is hereby authorized.

7. Payment in the total amount of $6,184.54 from the Settlement Fund to Class counsel for reimbursement of additional cost disbursements advanced on behalf of the Class.

8. Class Counsel are hereby authorized to retain a reserve of $25,000 in the Settlement Fund for payment of additional costs and contingencies related to administration of the Settlement Fund. After all distribution matters have been

completed, Class Counsel will apply to the Court for approval of the disposition of any remaining Settlement Fund proceeds, including any unused portion of the reserve and any unclaimed distribution checks.

9. Distribution of the cash balance of the Settlement Fund, after deducting the payments authorized above, and $5,600,000 in credit certificates, is authorized to the 72 claimants whose claims were approved in paragraph 1, pro rata to the extent of their allowed purchases.

10. The distributions authorized and approved herein shall be made as soon as can be reasonably accomplished.

BY THE COURT:

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge